UNITED STATES DISTRICT COURT        **(ECF)**
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
ROBERT M. SUVAK,             :    12 Civ. 6004 (JCF)
                          :
          Plaintiff,       :      MEMORANDUM
                          :      <u>AND ORDER</u>
   - against -           :
                          :
UNITED STATES OF AMERICA,   :
                          :
          Defendant.      :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

    In this action, plaintiff Robert Suvak claims he has been wrongfully denied income tax return refunds that were due to him for tax years 1998 through 2004. The government moves to dismiss his claims as to tax years 1998, 1999, and 2004 for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The parties have consented to my jurisdiction for all purposes, in accordance with 28 U.S.C. § 636(c). For the following reasons, the government's motion is granted.

<u>Background</u>

    Mr. Suvak did not file his federal income tax returns for tax years 1998 through 2004 until 2010. (Complaint ("Compl."), ¶ 5). He claims that he was unable to file the returns before that because he was "financially disabled"[1] due to bipolar disorder and Asperger's Disorder, a form of Autism. (Compl., ¶¶ 6-7).

---

[1] An individual is "financially disabled" where he is "unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 26 U.S.C. § 6511(h)(2).

The plaintiff alleges that he overpaid his taxes and requested a refund from the Internal Revenue Service (the "IRS"). (Compl., ¶ 8). The IRS denied the claims for refund because Mr. Suvak had filed his returns more than three years after the date that they were due. (Compl., ¶ 9). He appealed on the ground that the three year statute of limitations did not apply because he was financially disabled. (Compl., ¶ 10).

An IRS Appeals Officer denied the plaintiff's 1998 refund claim because the doctors who documented his medical conditions were not treating him when his 1998 tax return was due. (Compl., ¶ 12). The Appeals Office denied the claims for tax years 2000 through 2003 because Mr. Suvak was employed and therefore did not qualify as financially disabled. (Compl., ¶ 11). His claims for tax years 1999 and 2004 have not been reviewed by the IRS Appeals Office. (Compl., ¶ 14).

The plaintiff claims he subsequently obtained letters that establish he was financially disabled since 1998, but the Appeals Office refused to review those letters. (Compl., ¶ 13).

On August 6, 2012, the plaintiff brought this suit. After the government moved to dismiss, I set a briefing schedule, but Mr. Suvak never answered the motion.

Discussion

    A.   Legal Standard

"[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) [of the Federal Rules of Civil Procedure] if it lacks the statutory or

constitutional power to adjudicate it.'" <u>Shabaj v. Holder</u>, __ F.3d __, __, 2013 WL 1760540, at *2 (2d Cir. 2013) (first alteration in original) (quoting <u>Aurecchione v. Schoolman Transportation System</u>, 426 F.3d 635, 638 (2d Cir. 2005)); <u>accord</u> <u>United States v. Blake</u>, _ F. Supp. 2d __, __, 2013 WL 1728937, at *5 (E.D.N.Y. 2013).   The standard for reviewing a motion to dismiss under Rule 12(b)(1) is the same as a motion brought under Rule 12(b)(6) "except that '[a] plaintiff asserting subject matter jurisdiction has the burden of proving beyond a preponderance of the evidence that it exists.'" <u>Blake</u>, ___ F. Supp. 2d at ___, 2013 WL 1728937, at *5 (quoting <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000)). Thus, the court "'must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" <u>Winters v. United States</u>, No. 10 Civ. 7571, 2013 WL 1627950, at *3 (S.D.N.Y. April 16, 2013) (quoting <u>Morrison v. National Australia Bank Ltd.</u>, 547 F.3d 167, 170 (2d Cir. 2008)). "In adjudicating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court may consider matters outside the pleadings." <u>Blake</u>, __ F. Supp. 2d at __, 2013 WL 1728937, at *5.   The court may take into account "affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [] may not rely on conclusory or hearsay statements contained in the affidavits." <u>J.S. ex rel. N.S. v. Attica Central Schools</u>, 386 F.3d 107, 110 (2d Cir. 2004).

An unopposed motion to dismiss does not warrant automatic dismissal; rather, "'the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" Accurate Grading Quality Assurance, Inc. v. Thorpe, No. 12 Civ. 1343, 2013 WL 1234836, at *5 (S.D.N.Y. March 26, 2013) (quoting McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000)); see Jordan v. Forfeiture Support Associates, __ F. Supp. 2d __, 2013 WL 828496, at *3 (E.D.N.Y. 2013) (deeming defendant's dismissal motions unopposed because plaintiff failed to respond to them despite multiple opportunities and addressing merits); Gray v. Metropolitan Detention Center, No. 09 CV 4520, 2011 WL 2847430, at *2 n.3 (E.D.N.Y. July 15, 2011) (noting that plaintiff's failure to respond to motion to dismiss under Rule 12(b)(1) does not automatically warrant dismissal of complaint and considering merits of motion).

   B.   Claims for Tax Years 1998, 1999, and 2004

   The federal government cannot be sued absent a waiver of sovereign immunity. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); Kirsh v. United States, 131 F. Supp. 2d 389, 391 (S.D.N.Y. 2000) ("It is well established that under the doctrine of sovereign immunity, no person may sue the federal government absent its consent to be sued."). "[A] waiver of sovereign immunity must be 'unequivocally expressed' in statutory text" and its scope is construed strictly

4

in favor of immunity.  <u>Federal Aviation Administration v. Cooper</u>, ___ U.S. ___, ___, 132 S. Ct. 1441, 1448 (2012); <u>see</u> <u>Exxon Mobile Corp. & Affiliated Cos. v. Commissioner of Internal Revenue</u>, 689 F.3d 191, 201 (2d Cir. 2012).  "The terms of [the United States'] consent to be sued in any court defines that court's jurisdiction to entertain that suit."  <u>Meyer</u>, 510 U.S. at 475 (alteration in original) (internal quotation marks omitted); <u>Kirsh</u>, 131 F. Supp. 2d at 391 ("If the delineated terms [of the waiver] are not met, a court does not have jurisdiction over the action.").

"'Through 28 U.S.C. § 1346, Congress has broadly consented to suits [seeking a refund of taxes allegedly erroneously assessed or collected] against the U.S. in district courts.'"  <u>Kirsh</u>, 131 F. Supp. 2d at 391 (alteration in original) (quoting <u>United States v. Forma</u>, 42 F.3d 759, 763 (2d Cir. 1994)); <u>see</u> <u>Clavizzao v. United States</u>, 706 F. Supp. 2d 342, 348 (S.D.N.Y. 2009).  However, "[d]espite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions."  <u>United States v. Dalm</u>, 494 U.S. 596, 601 (1990).  First, prior to bringing suit in federal court, "26 U.S.C. § 7422(a) requires that a claim be 'duly filed' with the IRS," meaning a claim must be filed within the statute of limitations prescribed by 26 U.S.C. § 6511 .  <u>Kirsh</u>, 131 F. Supp. 2d at 391 (internal footnote omitted); <u>see</u> <u>United States v. Clintwood Elkhorn Mining Co.</u>, 553 U.S. 1, 14 (2008) (holding that "plain language of 26 U.S.C. §§ 7422(a) and 6511 requires a taxpayer seeking a refund

for . . . unlawfully assessed tax, to file a timely administrative refund claim before bring suit against the Government").[2]  Further, 26 U.S.C. § 6532(a)(1) provides

> No suit . . . under section 7422(a) for the recovery of any internal revenue tax . . . shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of disallowance of the part of the claim to which the suit . . . relates.

See also Clavizzao, 706 F. Supp. 2d at 348 (noting that plaintiff suing for tax refund must bring suit in federal court within two years of receiving notice from IRS that it denied refund).  Because the United States's waiver of sovereign immunity is predicated on timely filing of suit, the statute of limitations requirement is jurisdictional.  See Dalm, 494 U.S. at 608 ("A statute of limitations requiring that a suit against the Government be brought within a certain time period is one of [the] terms [of its waiver].");  Harriman v. Internal Revenue Service, 233 F. Supp. 2d 451, 457-58 (E.D.N.Y. 2002) (noting that "statutes of limitation are jurisdictional in tax cases" and "if a statute of limitation has not been complied with, Congress has not given consent to suit, accordingly, absent compliance with such statute of limitations, this Court lacks jurisdiction");  Costa v. Internal Revenue Service,

---

[2] "A properly executed individual . . . original income tax return or an amended return . . . shall constitute a claim for refund or credit within the meaning of . . . section 6511 for the amount of the overpayment disclosed by such return (or amended return)" if it contains a statement about the amount of the overpayment and how this amount should be refunded to the taxpayer. 26 C.F.R. § 301.6402-3(a)(5)

No. 97 CV 2688, 1999 WL 691899, at *3 (E.D.N.Y. Aug. 2, 1999) ("[T]he well-established rule is that 'the filing of a timely refund claim is a jurisdictional requirement, which cannot be waived.'" (quoting <u>Rosenbluth Trading, Inc. v. United States</u>, 736 F.2d 4, 47 (2d Cir. 1984)).

IRS and United States Postal Service records show that on March 31, 2010, the IRS sent to Mr. Suvak by certified mail notices of disallowance of claim for tax years 1998[3] and 1999. (Letter of Ann Hagemeyer Regarding Tax Period Dec. 31, 1998 dated March 31, 2010, attached as Exh. A to Declaration of Gennady Zilberman ("Zilberman Decl."); Certified Mailing Repository, Tax Period 1998, attached as Exh. A to Declaration of Hildegard Grysiak ("Grysiak Decl."); Letter of Ann Hagemeyer Regarding Tax Period Dec. 31, 1999, attached as Exh. B to Zilberman Decl.; Certified Mailing Repository, Tax Period 1999, attached as Exh. B to Grysiak Decl.). The records also indicate that the IRS sent by certified mail a notice of disallowance of claim for tax year 2004 on May 12, 2010. (Letter of Ann Hagemeyer Regarding Tax Period Dec. 31, 2004 dated May 12, 2010, attached as Exh. C to Zilberman Decl.; Certified Mailing Repository, Tax Period 2004, attached as Exh. C to Grysiak Decl.). Accordingly, under 26 U.S.C. § 6532(a)(1), the time for

---

[3] While Mr. Suvak appears to have appealed the notice of disallowance with regard to his claim for tax year 1998 to the Appeals Office (Compl., ¶ 12), it does not toll the two-year statute of limitations. <u>See</u> 26 U.S.C. § 6532(a)(4) ("Any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.").

the plaintiff to file suit for claims related to tax years 1998, 1999, and 2004, expired on March 31, 2012 (for tax years 1998 and 1999), and May 12, 2012 (for tax year 2004).  Mr. Suvak brought suit on August 6, 2012, after the statute of limitations has lapsed for all three claims.  Moreover, he has not alleged that he entered into a written agreement with the IRS to extend the time for filing suit in accordance with 26 U.S.C. § 6532(a)(2), nor do the IRS records reflect that the parties entered into any such written agreement.  (Zilberman Decl., ¶ 6).  Thus, the plaintiff's claims as to tax years 1998, 1999, and 2004 are untimely and must be dismissed.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion (Docket no. 8) is granted, and the plaintiff's claims as to 1998, 1999, and 2004 are dismissed.  The case shall proceed with respect to the remaining claims.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          May 21, 2013

Michael E. Breslin, Esq.
250 W. 57th St.
Suite 816
New York, NY 10107

8

Elizabeth Tulis, Esq.
Assistant United States Attorney
86 Chambers Street
New York, NY 10007