```
UNITED STATES DISTRICT COURT                :       (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
ROBERT M. SUVAK,                            :       12 Civ. 6004 (JCF)
                                            :
              Plaintiff,                    :       MEMORANDUM
                                            :       AND   ORDER
       - against -                          :
                                            :
UNITED STATES OF AMERICA,                   :
                                            :
              Defendant.                    :
- - - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Robert Suvak has applied for reconsideration of my May 21, 2013 Memorandum and Order, granting the government's partial motion to dismiss his claims for income tax refunds as to tax years 1998, 1999, and 2004 for lack of subject matter jurisdiction. See Suvak v. United States, No. 12 Civ. 6004, 2013 WL 2217171 (S.D.N.Y. May 21, 2013). For the following reasons, reconsideration is granted, but I adhere to my prior determination.

Background

Mr. Suvak brought this action seeking to recover tax refunds for alleged overpayment for tax years 1998 through 2004. On March 22, 2013, the government moved to dismiss the plaintiff's claims related to tax years 1998, 1999, and 2004 for lack of subject matter jurisdiction because Mr. Suvak filed suit more than two years after the Internal Revenue Service (the "IRS") mailed him notices of disallowance for those years. The plaintiff was granted two extensions of time to respond. (Memorandum Endorsement dated April 11, 2013; Memorandum Endorsement dated May 1, 2013). However, he did not submit a timely response.

On May 21, 2013, I issued a Memorandum and Order, granting the government's motion. Suvak, 2013 WL 2217171. I observed that the Court is deprived of subject matter jurisdiction over a tax refund suit brought "after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of disallowance of the part of the claim to which the suit . . . relates." Id. at *3 (alteration in original) (quoting 26 U.S.C. § 6532(a)(1)). The records provided by the government demonstrated that the IRS sent to Mr. Suvak by certified mail notices of disallowance for tax years 1998 and 1998 on March 31, 2010, and for tax year 2004 on May 12, 2010. Id. Since Mr. Suvak brought suit after the two-year statute of limitations lapsed, I granted the government's motion and dismissed the plaintiff's claims as to 1998, 1999, and 2004. Id. at *3-4.

In a letter dated May 21, 2013, plaintiff's counsel informed the Court that he had been unable to file the response to the defendant's motion electronically and instead mailed it on May 14, 2013. (Memorandum Endorsement dated May 22, 2012 ("May 22 Order")). No such papers were received[1] but I agreed to consider the plaintiff's untimely response as an application for reconsideration of the May 21 decision. (May 22 Order).

Discussion

    A.   Legal Standard

A motion for reconsideration is governed by Rule 6.3 of the

---

[1] On May 30, 2013, I received the plaintiff's opposition papers which had been docketed on May 28, 2013.

2

Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and is committed to the sound discretion of the court.  Idowu v. Middleton, No. 12 Civ. 1238, 2013 WL 371657, at *1 (S.D.N.Y. Jan. 31, 2013).  "'The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  Space Hunters, Inc. v. United States, 500 F. App'x 76, 81 (2d Cir. 2012) (quoting Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995)).  Generally, reconsideration "requires 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Capitol Records, Inc. v. MP3tunes, LLC, No. 07 Civ. 9931, 2013 WL 1987225, at *1 (S.D.N.Y. May 14, 2013) (quoting Virgin Atlantic Airways Ltd. v. National Mediation Board, 95 F.2d 1245, 1255 (2d Cir. 1992)).  Reconsideration is "an extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources."  Hinds County, Mississippi v. Wachovia Bank N.A., 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010) (internal quotation marks omitted).

    B.    Reconsideration

The plaintiff contends that this Court erred in dismissing his claims as to tax years 1998, 1999, and 2004 because the government has not provided "adequate proof" that the notices of disallowance

were sent by certified mail. (Plaintiff's Opposition to Defendant's motion to Dismiss in Part and Memorandum of Law ("Pl. Memo.") at 2). He cites Barnes v. Commissioner of Internal Revenue, No. 8219-07L, 99 T.C.M. (CCH) 1126, 2010 WL 610674, at *5 (T.C. Feb. 22, 2010), which notes that "[a] properly completed [United States Postal Service ("USPS") Form] 3877 certified mailing list reflecting Postal Service receipt represents direct documentary evidence of the date and fact of mailing."

The IRS is presumed to have properly mailed a notice if it can demonstrate that the notice existed and produce a properly completed USPS Form 3877 certified mail list or its equivalent. O'Rourke v. United States, 587 F.3d 537, 540 (2d Cir. 2009). A list by the IRS of certified mailings ("Certified Mail List") "compiled in accordance with [the IRS'] regular practices" that indicates that the mailings were received by the USPS is sufficient proof that the notices were sent by certified mail. Follum v. Commissioner of Internal Revenue, 128 F.3d 118, 121 (2d Cir. 1997); see United States v. Dickert, No. 1:11-cv-00060, 2012 WL 7807609, at *4 (N.D. Fla. Sept. 24, 2012) (finding that notice indicating it was sent by certified mail and containing certified mail tracking number which matched tracking number listed on IRS' certified mail log and "Track & Confirm" printout from USPS listing delivery information for same certified mail number were sufficient); see also Venhuizen v. Commissioner of Internal Revenue, No. 19660-11L, 104 T.C.M. (CCH) 345, 2012 WL 4344169, at *10 (T.C. Sept. 24, 2012) ("A certified mailing list containing substantially the same

4

information as is found on Postal Service Form 3877 raises a presumption in favor of the Commissioner that is sufficient, absent contrary evidence, to prove that a notice . . . was properly mailed."); Crain v. Commissioner of Internal Revenue, 103 T.C.M. (CCH) 1533, T.C. Memo. 2012-97, 2012 WL 1083489, at *5 (T.C. April 2, 2012) (finding certified mailing list which "discloses that (1) the notice . . . was sent to petitioner by certified mail; (2) the notice's certified mail tracking number, and (3) the address to which the notice was sent," and bearing USPS date stamp is equivalent to USPS Form 3877).  Likewise, courts have considered the IRS' Form 4340 Certificate of Assessment to be sufficient evidence of certified mailing.  See, e.g., Brach v. United States, 98 Fed. Cl. 60, 66 n.13 (Fed. Cl. 2011) (finding copy of notice of disallowance marked with "certified mail" and listing USPS' 20-digit certified mail label number, Form 4340 Certificate of Assessment which listed "claim disallowance" entry date, and declaration of IRS employee about customary mailing practice at IRS were sufficient); Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) (finding Form 4340, "a computer-generated IRS form prepared exclusively for litigation" indicating notice was sent is sufficient); Leathers v. Leathers, Civil Action No. 08-1213, 2013 WL 1873275, at *7 (D. Kan. May 3, 2013) (certified transcript from the IRS showing notices were sent is sufficient); United States v. Stevenson, Civil Action No. 09-3034, 2010 WL 2490756, at *3 (E.D. Pa. June 15, 2010) (collecting cases)

  Here, the government provided a Certified Mailing Repository

Individual Report ("CMR Report") for each notice of disallowance. (Certified Mailing Report for Tax Year 1998 ("1998 CMR Report"), attached as Exh. A to Declaration of Hildegard Grysiak dated March 21, 2013 ("Grysiak Decl."); Certified Mailing Report for Tax Year 1999 ("1999 CMR Report"), attached as Exh. B to Grysiak Decl.; Certified Mailing Report for Tax Year 2004 ("2004 CMR Report"), attached as Exh. C to Grysiak Decl.); Suvak, 2013 WL 2217171, at *3.  A CMR Report is generated from the IRS' Certified Mailing Repository System ("CMR System"), "which is [a system] maintained by the IRS for tracking notices and correspondence sent by the IRS through United States Postal Service [] Certified Mail."  (Grysiak Decl., ¶ 3).  When the IRS sends notices by certified mail, "the IRS transmits to the USPS a certified mailing listing" which is "a listing of data corresponding to the actual notices or letters that are delivered to USPS for mailing."  (Grysiak Decl., ¶ 4).  The USPS inputs the information from the certified mailing listing into its own database and updates the information with the delivery status of each notice or letter, which is then transmitted electronically to the CMR System.  (Grysiak Decl., ¶ 5).  "The IRS can then access the CMR System to track letters sent by Certified mail and print reports generated by the system but cannot modify or update the information in the system."  (Grysiak Decl., ¶ 5).  The CMR Report for tax years 1998, 1999, and 2004 indicate that the notices were "Delivered and Signed" according to the USPS.  (1998 CMR Report; 1999 CMR Report, 2004 CMR Report).

Further, the information contained in the CMR Report for each of the notices corroborates with the mailing information on the notices themselves. The notices for tax years 1998, 1999, and 2004 indicate that they were sent by certified mail and contain the same certified mailing tracking numbers that are listed on the respective CMR Reports. (Notice of Disallowance of Claim for Tax Year 1998, attached as Exh. A to Declaration of Gennady Zilberman dated March 21, 2013 ("Zilberman Decl."), Notice of Disallowance of Claim for Tax Year 1999, attached as Exh. B to Zilberman Decl.; Notice of Disallowance of Claim for Tax Year 2004, attached as Exh. C to Zilberman Decl.). The government has thus provided ample evidence that the notices of disallowance for tax years 1998, 1999, and 2004 were sent by certified mail and that the plaintiff's corresponding claims are untimely.

Conclusion

For the reasons discussed above, the plaintiff's application for reconsideration is granted, but I adhere to my prior decision granting the government's partial motion to dismiss.

SO ORDERED.

*[signature]*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         June 7, 2013

Michael E. Breslin, Esq.
250 W. 57th St.
Suite 816
New York, NY 10107

Elizabeth Tulis, Esq.
Assistant United States Attorney
86 Chambers Street
New York, NY 10007

Elizabeth Tulis, Esq.
Assistant United States Attorney
86 Chambers Street
New York, NY 10007